| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br>KEVIN MORRELL,<br><br>        Debtor.<br><br>―――――――――――<br><br>CHARLES W. RISKE,<br>Chapter 7 Trustee,<br><br>        Plaintiff,<br>v.<br><br>DANIEL DEMPSTER,<br><br>        Defendant. | Case No. 24-44713-357<br>Honorable Brian C. Walsh<br>Chapter 7<br><br><br><br><br><br>Adversary Case No. |

### ADVERSARY COMPLAINT

COMES NOW Charles W. Riske ("Trustee"), the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Kevin James Morrell, by and through his undersigned counsel, and for his Adversary Complaint (hereinafter "Complaint"), states to the Court as follows:

### JURISDICTION AND VENUE

1. Kevin James Morrell ("Debtor") filed his voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on or about December 26, 2024 (the "Petition Date").

2. Trustee is the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of Debtor.

#3405808v1

1

3. Debtor is an individual residing in the State of Missouri.

4. Daniel Dempster ("Defendant") is an individual residing in the State of Missouri and within this judicial district.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Rule 9.01 of the Local Rules of the United States District Court, Eastern District of Missouri.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This matter constitutes a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O), as this matter arises under Title 11 of the United States Code and in the Chapter 7 case of Debtor, presently pending before the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division, as Case No. 24-44713.

8. Trustee brings this Complaint against the Defendant pursuant to 11 U.S.C. §§ 542, 548 and 550.

## FACTS COMMON TO ALL COUNTS

9. Paragraphs 1 through 8 are incorporated by reference herein as if more fully set out hereafter.

10. Prior to the Petition Date, and specifically during September and October of 2024, Debtor, as trustee for his own revocable trust, maintained an account ending in 2699 at Bank of America (the "Account").

11. All funds in the Account were "owned" by the Debtor through his revocable trust.

12. On or about September 28, 2024, Debtor withdrew "cash" from the Account in the amount of $5,000.00 utilizing Check No. 928.

#3405808v1                                              2

13. On or about September 28, 2024, Debtor withdrew "cash" from the Account in the amount of $10,000.00 utilizing Check No. 929.

14. On or about September 30, 2024, Debtor withdrew "cash" from the Account in the amount of $10,000.00 utilizing Check No. 930.

15. On or about October 4, 2024, Debtor withdrew "cash" from the Account in the amount of $10,000.00 utilizing Check No. 931.

16. On or about October 8, 2024, Debtor withdrew "cash" from the Account in the amount of $10,000.00 utilizing Check No. 932.

17. Contemporaneously with the cash withdrawals referenced in paragraphs 12-16, above, Debtor transferred a sum equal to each cash withdrawal, being $45,000.00 in the aggregate, to Defendant (collectively, the "Transfers").

## COUNT I
## TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542

18. Paragraphs 1 through 17 are incorporated by reference herein as if more fully set out hereafter.

19. Prior to the Transfers, Debtor and Defendant entered into an oral agreement for Debtor to loan money to Defendant.

20. Per the loan agreement, Debtor agreed to loan a sum of at least $45,000.00 to Defendant.

21. Debtor fulfilled his obligation(s) under the loan agreement by transferring the sum of $45,000.00, in cash, to Defendant per the Transfers.

22. Per the loan agreement, Defendant agreed to repay the sum of $45,000.00 to Debtor upon demand by Debtor.

#3405808v1                                                           3

23. Per the loan agreement, the loan could and would be payable by Defendant to Debtor in less than a term of one year.

24. The debt owed by Defendant to Debtor became property of Debtor's bankruptcy estate on the Petition Date and remains property of the estate.

25. By letter dated April 11, 2025, Trustee made demand upon Defendant to pay the sum of $45,000.00 to the bankruptcy estate in accordance with the loan agreement between Defendant and Debtor.

26. Defendant failed to respond to Trustee's demand for payment.

27. By letter dated May 22, 2025, counsel for Trustee made demand upon Defendant to pay the sum of $45,000.00 to the bankruptcy estate in accordance with the loan agreement between Defendant and Debtor.

28. Defendant failed to respond to counsel's demand for payment.

29. As of the date of this Complaint, Defendant owes a debt to the Debtor in the amount of $45,000.00, which is now past due and payable to the bankruptcy estate.

WHEREFORE, Trustee prays that this Honorable Court make and enter judgment in favor of the Trustee and against the Defendant in the amount of $45,000.00, plus costs and pre- and post-judgment interest thereon; and grant such other and further relief as is just and proper.

## COUNT II
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO
## 11 U.S.C. § 548

30. Paragraphs 1 through 29 are incorporated by reference herein as if more fully set out hereafter.

31. Each of the Transfers was made by Debtor to Defendant approximately 3 months prior to the Petition Date.

32. Debtor possessed an ownership interest in the funds transferred from Debtor to Defendant via the Transfers.

33. Debtor received no monetary or otherwise quantifiable, economic consideration from Defendant in exchange for any of the Transfers.

34. Debtor was insolvent on the date of each of the Transfer or became insolvent as a result of the Transfers.

35. To the extent the Transfers were not made on account of a valid loan agreement, the Transfers were fraudulent transfers as defined by 11 U.S.C. § 548.

WHEREFORE, Trustee prays that this Honorable Court make and enter judgment in favor of the Trustee and against the Defendant, avoiding and setting aside each of the Transfers as a fraudulent transfer pursuant to 11 U.S.C. § 548; and grant such other and further relief as the Court deems just and proper.

## COUNT III
## TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 550

36. Paragraphs 1 through 35 are incorporated by reference herein as if more fully set out hereafter.

37. To the extent the Transfers were not made on account of a valid loan agreement, each of the Transfers is subject to avoidance pursuant to 11 U.S.C. § 548.

38. Defendant was the initial transferee of each of the Transfers.

39. Defendant was not a good faith transferee of any of the Transfers.

40. Defendant was not and is not a minor.

41. Defendant was not and is not incompetent.

WHEREFORE, Trustee prays that this Honorable Court make and enter judgment in favor of the Trustee and against the Defendant, pursuant to 11 U.S.C § 550, in an amount equal

to the aggregate sum of the Transfers avoided in accordance with 11 U.S.C. § 548, plus costs and pre- and post-judgment interest; and grant such other and further relief as may be just and proper.

                                          Respectfully submitted,
                                          SUMMERS COMPTON WELLS LLC

Date:  June 16, 2025                    By: /s/ Sarah E. Tomlinson
                                          SARAH E. TOMLINSON, (#72441MO)
                                          DAVID A. SOSNE (#28365MO)
                                          BRIAN J. LAFLAMME (#49776MO)
                                          Attorneys for Trustee
                                          903 S. Lindbergh Blvd, Suite 200
                                          St. Louis, MO 63131
                                          (314)991-4999
                                          (314)991-2413/FAX
                                          stomlinson@scw.law
                                          dasattymo@summerscomptonwells.com
                                          blaflamme@summerscomptonwells.com